McDaniels *v.* Johnson.

---

Isaac McDaniels *v.* Thomas W. Johnson, Ap't.

*Justice of the Peace.    Jurisdiction.    Judgment.    Appeal.*

A judgment rendered by a justice in favor of the plaintiff for his costs alone, and not for damages, although irregular, is such as either party can appeal from.

A magistrate assumes jurisdiction of the case when he issues the writ, and the jurisdiction of the justice is determined by the amount due at the time the suit is commenced, instead of the amount due at the time of trial. A suit brought when the amount due was less than $100., but at the time of trial owing to the accretion of interest, amounted to more than $100., was held to be within the jurisdiction of the justice.

Assumpsit on a promisory note, originally commenced before a justice of the peace, but brought into the county court by an appeal taken by the defendant from the judgment of said justice. Pleas, (1), the general issue, and (2), that the cause of action did not accrue within six years, &c. Replication to the plea of the statute of limitations; and rejoinder, concluding to the country. The issue made on the plea of the statute of limitations need not be stated, as the exceptions taken on the trial did

---

McDaniels *v.* Johnson.

---

not relate to, or have any connection with that issue.   The action was brought to trial on the issue made by the pleadings.   Trial by jury, and verdict for the plaintiff for one hundred dollars damages, at the September Term, 1863, KELLOGG, J., presiding.

The defendant filed a motion in writing to dismiss the said action for the alleged reason that no judgment was rendered by the justice in this suit.   The court, *pro forma*, overruled and denied the motion to dismiss,—and to this decision the defendant excepted.

At the time of the trial of the action before the justice, (which was on the 29th of August, 1859,) the amount due upon the note for principal and interest exceeded the sum of one hundred dollars; but at the time of the commencement of the action before the justice, (which was on the 11th of July, 1859,) the amount due upon the note for principal and interest was less than the sum of one hundred dollars.   Thereupon, the defendant filed another motion in writing to dismiss the action, because it appeared from the note and declaration that, at the time of the rendition of the judgment of the justice in said action, there was more than the sum of one hundred dollars due on the note, and that the justice had no original jurisdiction of the action, and that this court had no appellate jurisdiction.   The court, *pro forma*, overruled and denied the last mentioned motion to dismiss, and proceeded with the trial.   To this decision the defendant also excepted.

*E. J. Phelps*, for the defendant.

There was no judgment before the justice.   And consequently no appellate jurisdiction in the county court.

. The justice had no jurisdiction.   The amount in dispute exceeded $100.   The return day is the time when the jurisdiction takes effect, and to which the reason of the statute applies.   Until then the cause is not before the justice, nor can he exercise any jurisdiction over it.   *Bank of Middlebury* v. *Tucker*, 7 Vt. 146 ; *Perkins* v. *Rich*, 12 Vt. 595 ; *Southwick et al.* v. *Merrill*, 3 Vt. 320. ·

*Edwin Edgerton*, for the plaintiff.

Treating the case as an action exclusively upon the promissory

note, the justice took and had a legal jurisdiction *on the issuing of the writ*, the total amount then due being less than $100, and the plaintiff's recovery being limited by the *ad damnum* to that sum.

The future accumulation of interest would not defeat the jurisdiction thus legally taken in the outset, especially in a case like the present, where by his *ad damnum* the plaintiff waives all claim and precludes himself from a recovery beyond the justice's jurisdiction. *Phelps* v. *Wood*, 9 Vt. 403.

The record shows a judgment rendered by the justice,—for costs if nothing more.

PIERPOINT, J. This action was commenced before a justice of the peace, and taken to the county court by appeal. In the county court, the defendant filed a motion to dismiss the case on the ground, that no judgment had been rendered by the justice below. On inspecting the copies of the proceedings before the justice, it appears that the justice rendered a judgment in favor of the plaintiff for his costs, but did not render a judgment for any damages ; such judgment was clearly irregular, but still it was such a judgment as either party could appeal from. The fact that it was irregular, and wrong, is no reason why it should not be appealed from. The theory on which all appeals are taken, is that the judgment appealed from is wrong, and the object of the appeal is to have the error corrected.

In a subsequent stage of the proceedings, the defendant filed another motion to dismiss the suit, for want of jurisdiction in the magistrate before whom the suit was commenced, claiming that the amount in controversy exceeded the jurisdiction of a justice.

It appears from the case, that at the time the suit was commenced, the amount due on the note in suit, was less than one hundred dollars, but at the time of trial the accumulation of interest had increased the amount due to more than one hundred dollars. It is insisted, on the part of the defendant, that it is the amount due at the time of trial, that determines the jurisdiction, and that a justice does not assume jurisdiction of a case until the return day of the writ, and some proceedings

are had thereon before him in open court. This position is not tenable. We think the jurisdiction of the justice is determined by the amount due at the time the suit is commenced, and that the magistrate assumes jurisdiction of the case, when he issues a writ, takes a recognizance to the defendant for the security of his cost, and cites him to appear before him for trial. The suit is then legally pending before him. Witnesses may be summoned to appear, and depositions taken, to be used upon the trial, before him. The suit is as much pending before him, and his jurisdiction over the case is as perfect, after the service of the writ, and before the return day, as it is after the return day, when the trial is postponed. This rule, we think, is the only practicable one. The rule contended for by the defendant would leave the jurisdiction in doubt in many cases, as a party could never tell with certainty, when he commences his suit, what amount might be due when he comes to a final trial.

The motion to dismiss was properly overruled, and the judgment of the county court is affirmed.